Judge McMahon   10 CIV 2559

FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375

RECEIVED
MAR 22 2010
U.S.D.C. S.D.N.Y.
CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARALE WULFF, on behalf of herself and all others similarly situated, | |
| Plaintiff, | CLASS ACTION COMPLAINT |
| -against- | |
| 17th STREET ENTERTAINMENT II LLC d/b/a 1 OAK, SCOTT SARTIANO, and RICHIE AKIVA, | July Trial Demanded |
| Defendants. | |

Plaintiff Tarale Wulff, individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, misappropriated mandatory service charges, gratuities and other wages for Plaintiff and her similarly situated co-workers – waitresses, bussers, runners, bartenders, and other hourly service workers who work or have worked at 1 Oak.

2.      According to its own website, 1 Oak "is the ultimate experience for those seeking the best that New York has to offer." The club is owned by Richie Akiva, Scott Sartiano, Jeffrey Jah and Ronnie Madra, experienced club owners affiliated with some of the most well known nightspots in New York, including Butter Restaurant, G SPA & Lounge, and Lotus.

3.      1 Oak is known as a mecca of New York City nightlife and is frequently touted on Page Six in the New York Post for celebrity sightings, such as Kanye West and Leonardo DiCaprio. The club even hosted the after-party for the New York Yankees recent World Series victory, with Derek Jeter and Alex Rodriguez among those in attendance.

4.      1 Oak charges its customers a mandatory 20 percent (20%) service charge for all bottle service and private parties/special events. Defendants have led their customers to reasonably believe that the service charges are gratuities to be paid to the service workers. In reality, a percentage of the service charges are taken by 1 Oak and distributed to non-service employees, such as Doormen. This practice was held by the New York Court of Appeals in *Samiento v. World Yacht, Inc.*, 10 N.Y.3d 70 (2008) to be unlawful.

5.      1 Oak frequently hosts large private parties/special events such as Heidi Klum's Halloween party. When Defendants contract with their customers for these events, they charge customers a percentage of the bill as a mandatory service charge, in addition to the cost of food and drink. Defendants have led their customers to reasonably believe that the service charges are gratuities to be paid to the service workers. In reality, however, the service workers do not receive a majority of this gratuity. Instead, service workers are paid a higher hourly rate for these events plus a flat rate gratuity, which is substantially less than if the service workers had properly received the entire gratuity.

6.      Plaintiff brings this action on behalf of herself and similarly situated current and former 1 Oak hourly service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their

lawfully earned wages.

7.      Plaintiff also brings this action on behalf of herself and all similarly situated current and former 1 Oak hourly service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiff

#### Tarale Wulff

8.      Plaintiff Tarale Wulff ("Wulff") is an adult individual who is a resident of Brooklyn, New York.

9.      Wulff was employed by Defendants as a waitress, an hourly service worker, at 1 Oak from approximately July 2008 to February 26, 2010.

10.     Wulff is a covered employee within the meaning of the FLSA and the NYLL.

11.     A written consent form for Wulff is being filed with this Class Action Complaint.

### Defendants

12.     Defendants 17th Street Entertainment II LLC, Scott Sartiano, and Richie Akiva, jointly employed Plaintiff and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

13.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

14.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

15.     Upon information and belief, Defendants' operations are interrelated and unified.

16.     Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at 1 Oak.

17.     Upon information and belief, Defendants have had the power to determine employee policies at 1 Oak, including, but not limited to, time-keeping and payroll policies, and policies governing the allocation of service charges and/or gratuities.

## 17th Street Entertainment II LLC

18.     Together with Defendants Scott Sartiano and Richie Akiva, Defendant 17th Street Entertainment II LLC ("17th Street") has owned and/or operated 1 Oak during the relevant period.

19.     17th Street is a domestic business corporation organized and existing under the laws of New York.

20.     17th Street's principal executive office is located at 453 West 17th Street, New York, New York 10011.

21.     17th Street is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

22.     Upon information and belief, at all times relevant, 17th Street's annual gross volume of sales made or business done was not less than $500,000.00.

## Individual Defendants

### Scott Sartiano

23.     Upon information and belief, Defendant Scott Sartiano ("Sartiano") is a resident of the State of New York.

24.     At all relevant times, Sartiano has been the owner of 1 Oak.

25.     Upon information and belief, at all relevant times, Sartiano has had power over personnel decisions at 1 Oak, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

26.     Upon information and belief, at all relevant time, Sartiano has had power over payroll decisions at 1 Oak, including the power to retain time and/or wage records

27.     Upon information and belief, Sartiano is actively involved in managing the day to day operations of 1 Oak.

28.     Upon information and belief, at all times relevant, Sartiano has also had the power to stop any illegal pay practices that harmed Plaintiff, including policies governing the allocation of service charges and/or gratuities.

29.     Sartiano is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Richie Akiva**

30.     Upon information and belief, Defendant Richie Akiva ("Akiva") is a resident of the State of New York.

31.     At all relevant times, Akiva has been the owner of 1 Oak.

32.     Upon information and belief, at all relevant times, Akiva has had power over personnel decisions at 1 Oak, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

33.     Upon information and belief, at all relevant time, Akiva has had power over payroll decisions at 1 Oak, including the power to retain time and/or wage records

34.     Upon information and belief, Akiva is actively involved in managing the day to

day operations of 1 Oak.

35.     Upon information and belief, at all times relevant, Akiva has also had the power to stop any illegal pay practices that harmed Plaintiff, including policies governing the allocation of service charges and/or gratuities.

36.     Akiva is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

37.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

38.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

39.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

40.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings the First Cause of Action, on behalf of herself and all similarly situated persons who have worked as hourly service employees at 1 Oak who elect to opt-in to this action (the "FLSA Collective").

42.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff. Upon information and belief, there are many similarly situated current and

former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.   Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.   Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as hourly service workers at 1 Oak in New York between March 22, 2004 and the date of final judgment in this matter (the "Rule 23 Class").

44.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

45.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

46.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

47.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Rule 23 Class as a whole.

48.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     Whether Defendants violated NYLL Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

(b)     whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants misappropriated service charges and/or gratuities from Plaintiff and the Rule 23 Class;

(d)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(e)     whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(f)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(g)     whether Defendants demanded, handled, pooled, counted, distributed, accepted and/or retained service charges and/or gratuities paid by customers that were intended for Plaintiff and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(h)     whether Defendants failed to pay Plaintiff and the Rule 23 Class for uniform-related expenses;

(i)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(j)     the nature and extent of class-wide injury and the measure of damages for those injuries.

49.     The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and all the Rule 23 Class members work, or have worked, for Defendants as

hourly food service employees at 1 Oak in New York. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to keep the tips they earn. Plaintiff and Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

50.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the Rule 23 Class members.

51.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

52.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FACTUAL ALLEGATIONS

53.     Defendants did not pay Wulff the proper minimum wage for all hours worked.

54.     Defendants did not inform Wulff of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

55.     Defendants did not allow Wulff to retain all the service charges and/or tips she earned.

56.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted and/or retained portions of the service charges and/or tips that Wulff earned.

57.     Defendants unlawfully redistributed part of Wulff's service charges and/or tips to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

58.     Defendants imposed upon Wulff a tip redistribution or pooling scheme to which she never agreed.

59.     Upon information and belief, Defendants did not keep accurate records of wages or service charges and/or tips earned or of hours worked by Wulff.

60.     Defendants forced Wulff to purchase uniforms at her own expense and did not reimburse her for cleaning, care, and maintenance of uniforms.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendants failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

63.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

64.    At all times relevant, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

65.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

66.    At all times relevant, Defendants have been employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

67.    Defendants were required to pay directly to Plaintiff and the members of the FLSA Collective the applicable federal minimum wage rate for all hours worked.

68.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants failed to inform Plaintiff and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) and Defendants did not permit Plaintiff and the members of the FLSA Collective to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

69.    Upon information and belief, Defendants unlawfully redistributed a portion of the tips received by Plaintiff and the members of the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

70.     Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

71.     As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

72.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

73.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendants failed to pay Plaintiff and the members of the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

76.     Defendants have engaged in a widespread pattern, policy, and practice of

violating the NYLL, as detailed in this Class Action Complaint.

77.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

78.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff and the members of the Rule 23 Class.

79.     Defendants were required to pay Plaintiff and the members of the Rule 23 Class a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 24, 2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (d) $7.15 per hour for all hours worked from January 1, 2007 through July 24, 2009; and (3) $7.25 per hour for all hours worked from July 25, 2009 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

80.     Defendants failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

81.     By Defendants' knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

82.     Defendants failed to furnish Plaintiff and the members of the Rule 23 Class with a

statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

83.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

84.    Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class, but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*

## THIRD CAUSE OF ACTION
### New York Labor Law Article 6 – Unlawful Retention of Service Charges
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

85.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

87.    At all times relevant, Defendants have been employers within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

88.    At all times relevant, Defendants have been employers, agents, and/or officers within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

- 14 -

89.     The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the members of the Rule 23 Class.

90.     Defendants unlawfully retained service charges earned by Plaintiff and the members of the Rule 23 Class in violation of the NYLL and supporting New York State Department of Labor Regulations.

91.     By Defendants' knowing or intentional demand for, acceptance of and/or retention of the service charges paid by customers when entering into a service contract with Defendants, when such customers had a reasonable expectation that such service charges would be paid to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

92.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

93.     Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class, but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff and the Rule 23 Class)

94.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Defendants failed to reimburse Plaintiff and the members of the Rule 23 Class for

the cost of the uniforms they purchased in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations.

96.    Defendants failed to launder or maintain the required uniforms for Plaintiff and the members of the Rule 23 Class and failed to pay them the required weekly amount in addition to the required minimum wage.

97.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

98.    Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seek for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service employees at 1 Oak. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor

regulations;

C.      Unpaid minimum wages, misappropriated tips, uniform violations, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class, but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*.)

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiff as representative of the Rule 23 Classes, and counsel of record as Class Counsel;

F.      Pre-judgment interest and post-judgment interest;

G.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.      Reasonable attorneys' fees and costs of the action;

I.      Such other relief as this Court shall deem just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

- 17 -

Dated:          New York, New York
                March 22, 2010

                              Respectfully submitted,

                              Brian Schaffer (BS 7548)

                              **FITAPELLI & SCHAFFER, LLP**
                              Joseph A. Fitapelli (JF9058)
                              Brian S. Schaffer (BS 7548)
                              1250 Broadway, Suite 3701
                              New York, New York 10001
                              Telephone: (212) 300-0375

                              *Attorneys for Plaintiff and*
                              *the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against 17th Street Entertainment II LLC, d/b/a 1OAK and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).  I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_Sarah Wolff_

Signature

_Sarah Wolff_

Full Legal Name (Print)

███████████████

Address

███████████████

City, State        Zip Code