UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

TARALE WULFF, NETZAI VARGAS
and JIMMY DEJESUS, on behalf of
themselves and all others similarly
Situated,

               Plaintiffs

    -against-

17TH STREET ENTERTAINMENT, LLC
d/b/a 1 OAK, SCOTT SARTIANO and
RICHIE AKIVA,

               Defendants.
---------------------------------------------------------X

Docket No. 2010 Civ. 2559 (CM)

**ANSWER TO AMENDED
COMPLAINT AND
COUNTERCLAIMS**

      The Defendants, 17th Street Entertainment, LLC D/B/A 1 OAK, Scott Sartiano

and Richie Akiva, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as

and for their Answer to the Amended Complaint herein, set forth the following:

      1.     Defendants neither admit nor deny the allegations of Paragraph 1 of the

Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for

relief.

      2.     Admit the allegations of Paragraph 2 of the Subject Amended Complaint.

      3.     Admit the allegations of Paragraph 3 of the Subject Amended Complaint.

      4.     Defendants neither admit nor deny the allegations of Paragraph 4 of the

Subject Amended Complaint, as they are not allegations of fact, but rather legal

conclusions.

      5.     Deny the allegations of Paragraph 5 of the Subject Amended Complaint

except to admit that private parties are at times held at the establishment in question and

specifically deny both that anyone knows what the customers "booking" the private parties intend by the service charge paid or that all customers have identical beliefs.

6.      Defendants neither admit nor deny the allegations of Paragraph 6 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

7.      Defendants neither admit nor deny the allegations of Paragraph 7 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

8.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Subject Amended Complaint.

9.      Admit the allegations of Paragraph 9 of the Subject Amended Complaint.

10.      Defendants neither admit nor deny the allegations of Paragraph 10 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

11.      Defendants neither admit nor deny the allegations of Paragraph 11 of the Subject Amended Complaint and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

12.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Subject Amended Complaint.

13.      Admit the allegations of Paragraph 13 of the Subject Amended Complaint.

14.      Defendants neither admit nor deny the allegations of Paragraph 14 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

15.     Defendants neither admit nor deny the allegations of Paragraph 15 of the Subject Amended Complaint and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

16.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Subject Amended Complaint.

17.     Deny the allegations of Paragraph 17 of the Subject Amended Complaint.

18.     Defendants neither admit nor deny the allegations of Paragraph 18 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

19.     Defendants neither admit nor deny the allegations of Paragraph 19 of the Subject Amended Complaint and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

20.     Defendants neither admit nor deny the allegations of Paragraph 20 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

21.     Defendants neither admit nor deny the allegations of Paragraph 21 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

22.     Defendants neither admit nor deny the allegations of Paragraph 22 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

23.     Deny the allegations of Paragraph 23 of the Subject Amended Complaint to the extent they are intelligible.

24.     Deny the allegations of Paragraph 24 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining compensation policies.

25.     Deny the allegations of Paragraph 25 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

26.     Deny the allegations of Paragraph 26 of the Subject Amended Complaint.

27.     Deny the allegations of Paragraph 27of the Subject Amended Complaint.

28.     Admit the allegations of Paragraph 28 of the Subject Amended Complaint.

29.     Defendants neither admit nor deny the allegations of Paragraph 29 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

30.     Admit the allegations of Paragraph 30 of the Subject Amended Complaint.

31.     Admit the allegations of Paragraph 31 of the Subject Amended Complaint.

32.     Deny the allegations of Paragraph 32 of the Subject Amended Complaint.

33.     Deny the allegations of Paragraph 33 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

34.     Deny the allegations of Paragraph 34 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

35.     Deny the allegations of Paragraph 35 of the Subject Amended Complaint.

36.     Deny the allegations of Paragraph 36 of the Subject Amended Complaint.

Case 1:10-cv-02559-CM Document 12 Filed 04/29/10 Page 5 of 20

37.     Defendants neither admit nor deny the allegations of Paragraph 37 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

38.     Admit the allegations of Paragraph 38 of the Subject Amended Complaint.

39.     Deny the allegations of Paragraph 39 of the Subject Amended Complaint.

40.     Deny the allegations of Paragraph 40 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

41.     Deny the allegations of Paragraph 41 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

42.     Deny the allegations of Paragraph 42 of the Subject Amended Complaint.

43.     Deny the allegations of Paragraph 43 of the Subject Amended Complaint.

44.     Defendants neither admit nor deny the allegations of Paragraph 44 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

45.     Defendants neither admit nor deny the allegations of Paragraph 45 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

46.     Defendants neither admit nor deny the allegations of Paragraph 46 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

503591-1                                                                                                  5

47.     Defendants neither admit nor deny the allegations of Paragraph 47 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

48.     Defendants neither admit nor deny the allegations of Paragraph 48 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

49.     Defendants neither admit nor deny the allegations of Paragraph 49 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

50.     Deny the allegations of Paragraph 50 of the Subject Amended Complaint.

51.     Defendants neither admit nor deny the allegations of Paragraph 51 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

52.     Defendants neither admit nor deny the allegations of Paragraph 52 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

53.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Subject Complaint.

54.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Subject Complaint.

55.     Deny the allegations of Paragraph 55 of the Subject Amended Complaint.

56.     Deny the allegations of Paragraph 56 of the Subject Amended Complaint.

57.     Deny the allegations of Paragraph 57 of the Subject Amended Complaint.

503591-1                                                                                          6

58.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Subject Complaint.

59.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Subject Complaint.

60.     Defendants neither admit nor deny the allegations of Paragraph 60 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

61-85.  Deny the allegations of Paragraphs 61-85 of the Subject Amended Complaint.

86.     With respect to the allegations of Paragraph 86 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

87.     Deny the allegations of Paragraph 87 of the Subject Amended Complaint.

88.     Deny the allegations of Paragraph 88 of the Subject Amended Complaint.

89.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Subject Complaint.

90.     Defendants neither admit nor deny the allegations of Paragraph 90 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

91.     Defendants neither admit nor deny the allegations of Paragraph 91 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

92.     Defendants neither admit nor deny the allegations of Paragraph 92 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

93.     Defendants neither admit nor deny the allegations of Paragraph 93 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

94.     Deny the allegations of Paragraph 94 of the Subject Amended Complaint.

95.     Deny the allegations of Paragraph 95 of the Subject Amended Complaint.

96.     Deny the allegations of Paragraph 96 of the Subject Amended Complaint.

97.     Deny the allegations of Paragraph 97 of the Subject Amended Complaint.

98.     Deny the allegations of Paragraph 98 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of Paragraph 98 of the Subject Amended Complaint, to the extent they are not allegations of fact, but rather legal conclusions.

99.     With respect to the allegations of Paragraph 99 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

100.    Defendants neither admit nor deny the allegations of Paragraph 100 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

101.    Deny the allegations of Paragraph 101 of the Subject Amended Complaint.

102.    Deny the allegations of Paragraph 102 of the Subject Amended

Complaint.

103.    Deny the allegations of Paragraph 103 of the Subject Amended

Complaint.

104.    Deny the allegations of Paragraph104 of the Subject Amended Complaint

to the extent that the allegations are of fact and neither admit nor deny the allegations of

Paragraph 104 of the Subject Amended Complaint, to the extent they are not allegations

of fact, but rather legal conclusions.

105.    With respect to the allegations of Paragraph 105 of the Subject Complaint,

Defendants repeat and reallege all admissions and denials set forth in response to the

paragraphs referenced therein as though set forth at length herein.

106.    Deny the allegations of Paragraph 106 of the Subject Amended

Complaint.

107.    Deny the allegations of Paragraph 107 of the Subject Amended

Complaint.

108.    Defendants neither admit nor deny the allegations of Paragraph 108 of the

Subject Amended Complaint, as they are not allegations of fact, but rather legal

conclusions.

109.    Defendants neither admit nor deny the allegations of Paragraph 109 of the

Subject Amended Complaint, as they are not allegations of fact, but rather legal

conclusions.

110.    Defendants neither admit nor deny the allegations of Paragraph 110 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

111.    Deny the allegations of Paragraph 111 of the Subject Amended Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of Paragraph 112 to the extent they are not allegations of fact, but rather legal conclusions.

113.    Deny the allegations of Paragraph 113 of the Subject Amended Complaint.

114.    Deny the allegations of Paragraph 114 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of Paragraph 114 of the Subject Amended Complaint, to the extent they are not allegations of fact, but rather a prayer for relief.

115.    Defendants neither admit nor deny the allegations of Paragraph 115 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

116.    With respect to the allegations of Paragraph 116 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

117.    Defendants neither admit nor deny the allegations of Paragraph 117 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

118.    Deny the allegations of Paragraph 118 of the Subject Amended Complaint.

119.    Defendants deny the allegations of Paragraph 119 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of Paragraph 119 to the extent they are not allegations of fact, but rather legal conclusions.

120.    Deny the allegations of Paragraph120 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of Paragraph 120 of the Subject Amended Complaint, to the extent they are not allegations of fact, but rather a prayer for relief.

121.    Defendants neither admit nor deny the allegations of Paragraph 121 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

122.    With respect to the allegations of Paragraph 122 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

123.    Deny the allegations of Paragraph 123 of the Subject Amended Complaint.

124.    Deny the allegations of Paragraph124 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of

Paragraph 124 of the Subject Amended Complaint, to the extent they are not allegations

of fact, but rather legal conclusions.

125.    Deny the allegations of Paragraph125 of the Subject Amended Complaint

to the extent that the allegations are of fact and neither admit nor deny the allegations of

Paragraph 125 of the Subject Amended Complaint, to the extent they are not allegations

of fact, but rather a prayer for relief.

126.    Defendants neither admit nor deny the allegations of Paragraph 126 of the

Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for

relief

127.    With respect to the allegations of Paragraph 127 of the Subject Complaint,

Defendants repeat and reallege all admissions and denials set forth in response to the

paragraphs referenced therein as though set forth at length herein.

128.    Defendants neither admit nor deny the allegations of Paragraph 128 of the

Subject Amended Complaint, as they are not allegations of fact, but rather legal

conclusions.

129.    Deny the allegations of Paragraph129 of the Subject Amended Complaint

to the extent that the allegations are of fact and neither admit nor deny the allegations of

Paragraph 129 of the Subject Amended Complaint, to the extent they are not allegations

of fact, but rather legal conclusions.

130.    Defendants neither admit nor deny the allegations of Paragraph 130 of the

Subject Amended Complaint, as they are not allegations of fact, but rather legal

conclusions.

131.    Defendants neither admit nor deny the allegations of Paragraph 131 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

132.    Deny the allegations of Paragraph 132 of the Subject Amended Complaint.

133.    Defendants deny the allegations of Paragraph 133 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of Paragraph 133 to the extent they are not allegations of fact, but rather legal conclusions.

134.    Deny the allegations of Paragraph134 of the Subject Amended Complaint to the extent that the allegations are of fact and neither admit nor deny the allegations of Paragraph 134 of the Subject Amended Complaint, to the extent they are not allegations of fact, but rather a prayer for relief.

135.    Defendants neither admit nor deny the allegations of Paragraph 135 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

136.    With respect to the allegations of Paragraph 136 of the Subject Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

137.    Deny the allegations of Paragraph 137 of the Subject Amended Complaint.

138.     Deny the allegations of Paragraph 138 of the Subject Amended Complaint except to admit the Defendants did not launder the clothes worn by the Plaintiffs when they worked for the Defendant, 17th Street Entertainment, LLC D/B/A 1 OAK.

139.     Deny the allegations of Paragraph139 of the Subject Amended Complaint to the extent that the allegations are of fact, and neither admit nor deny the allegations of Paragraph 139 of the Subject Amended Complaint, to the extent they are not allegations of fact, but rather a prayer for relief.

140.     Defendants neither admit nor deny the allegations of Paragraph 140 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

141.     Payment.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

142.     Plaintiffs rarely if ever worked over 40 hours in any one week.

### AS AND FOR A THIRDAFFIRMATIVE DEFENSE

143.     Plaintiffs and the putative class members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA").

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

144.     As Plaintiffs are not adequate representatives of the putative class, a collective action is inappropriate and no notice of same should be authorized.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

145.    The Amended Complaint is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258 (a) and 259 (a), as the Defendants have acted in good faith and in reliance upon applicable regulations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

146.    The Amended Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

147.    The Amended Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

148.    Class certification is inappropriate as common questions of law and/or fact do not predominate among the putative class members and the Plaintiffs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

149.    Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

150.    Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Amended Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

151.     Similarly, a collective or Rule 23 class action is inappropriate vis-à-vis the New York State Law claims, as Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Amended Complaint

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

152.     A class action may not be maintained under the New York State Labor Law, as the statute calls for liquidated damages.  Consequently, the Plaintiffs' putative class would potentially seek a penalty, precluding the pursuit of a class action under New York State Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

153.     Plaintiffs cannot, in whole or in part, maintain claims against the individual Defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

154.     Doormen and hostesses at the establishment in question provide direct services to patrons, including the ordering and delivery of beverages to the tables of patrons of the establishment.

155.     Doormen and/or hostesses also determine the seating arrangements of patrons at the establishment in question, which is of far greater significance at a nightclub rather than a restaurant.

156.     Doormen and hostesses are therefore within the groups of employees other employees expect to participate in a tip pool and whom, upon information and belief, patrons expect to be among the recipients of their gratuities.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

157.     The "Spread of Hours" under New York State Law is inapplicable to employees (such as all Plaintiffs) whose hourly wage is sufficient such that if one hour is added to the number of hours actually worked and that sum is divided by the total earnings for the day, the hourly rate will still exceed minimum wage.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

158.     Plaintiffs did not wear uniforms.  The garments they wore at work bore no logo or insignia and could be worn other than at the establishment.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

159.     Under the Fair Labor Standards Act, no uniform allowance is required where, as here, the employee's wages for a week exceed the total of the number of hours the employee worked for the week times the minimum wage, plus the cost of the uniforms.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

160.     Defendants had no obligation to launder the clothing worn by the Plaintiffs while working.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

161.     As Plaintiffs received far above the minimum wage any issues of the propriety of tip pooling are irrelevant, Cumbie v. Woody Woo, Inc. 596 f. 3rd 577 (9th Cir. 2010).

## AS AND FOR A TWENTIENTH AFFIRMATIVE DEFENSE

## AND FIRST COUNTERCLAIM

162.     Plaintiff, Tarale Wulff ("Wulff") is, upon information and belief a resident of New York State.

163.     Wulff was employed by 17th Street Entertainment, LLC D/B/A 1 OAK ("1OAK") as a cocktail waitress.

164.     Wulff rarely if ever worked over 20 hours in any one week and routinely earned between and one thousand dollars and two thousand dollars ($1,000.00 to $2,000.00) per week.

165.     Wulff was instructed in the credit card policies of 1 OAK.

166.     These policies forbade providing food or beverages to customers who provided an expired credit cards to arrange for payment.

167.     Nonetheless, Wulff did exactly that and permitted approximately eighteen thousand dollars ($18,000.00) to be charged on an expired credit card.

168.     Despite taking all reasonable efforts to collect this amount from the party who provided the credit card, a resident of the Ukraine, 1 OAK has been unable to collect this debt.

169.     Wulff's grossly negligent or intentional misconduct resulted in the conversion of the aforesaid eighteen thousand dollars ($18,000.00)

170.     Wulff is therefore indebted to 1 OAK in the sum of eighteen thousand dollars ($18,000.00) with interest thereon.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE
## AND SECOND COUNTERCLAIM

171.   Netzai Vargas ("Vargas") and Jimmy DeJesus ("DeJesus") each were employed by 17th Street Entertainment, LLC D/B/A 1 OAK ("1OAK") as busboys.

172.   Neither Vargas nor DeJesus worked over 40 hours in any one week, other than on rare occasion, if at all.

173.   Vargas and DeJesus, however, routinely earned between six hundred dollars and one thousand dollars ($600.00 to $1,000.00) per week.

174.   Upon information and belief, Vargas And DeJesus participated in a scheme to convert property of 1 OAK customers during their employment.

175.   1 OAK's customers suffered obvious theft losses during their employ, which losses ceased upon their separation from employment with 1 OAK and which caused customers to cease patronizing the establishment.

176.   Vegas and DeJesus thereby tortiously interfered with the economic relations of 1 OAK.

177.   Vargas and DeJesus are therefore jointly and severally liable to 1 OAK in an amount to be determined at trial.

**Wherefore**, it is respectfully requested that the Subject Amended Complaint be dismissed in its entirety and that Defendants be awarded:

A)   Judgment against Wulff in an amount determined at trial, with interest thereon;

        B)    Judgment against Vargas and DeJesus, jointly and severally, in an

amount to be determined at trial, with interest thereon;

        C)    The costs and disbursements of this action; and

        D)    Such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
      April 28, 2010

                  Meltzer, Lippe, Goldstein & Breitstone, LLP

                  By_____
                     Richard M. Howard (RMH-2932)

                  Attorneys for Defendants
                  190 Willis Avenue
                  Mineola, New York 11501
                  (516) 747-0300

To:    Fitapelli & Schaffer, LLP
       1250 Broadway, Suite 3701
       New York, New York 10001
       (212) 300-0375

503591-1