**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF9058)
Brian S. Schaffer (BS 7548)
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375



NOV 12 2010
U.S.D.C. S.D. N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TARALE WULFF, NETZAI VARGAS, and JIMMY DEJESUS, on behalf of themselves and all others similarly situated,** | 10 Civ 2559 (CM) |
| **Plaintiffs,** | **THIRD AMENDED CLASS ACTION COMPLAINT** |
| -against- | |
| **17ᵗʰ STREET ENTERTAINMENT II LLC d/b/a 1 OAK, 453 WEST 17ᵀᴴ REST. CORP., SCOTT SARTIANO, and RICHIE AKIVA,** | **July Trial Demanded** |
| **Defendants.** | |

Plaintiffs Tarale Wulff, Netzai Vargas, and Jimmy DeJesus (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, misappropriated tips, spread of hours pay, uniform-related expenses, unlawful retention of service charges, and other wages for Plaintiffs and their similarly situated co-workers – waiters, bussers, runners, bartenders, and other hourly service workers who work or have worked at 1 Oak.

2.      According to its own website, 1 Oak "is the ultimate experience for those seeking the best that New York has to offer." The club is owned by Richie Akiva, Scott Sartiano, Jeffrey Jah and Ronnie Madra, experienced club owners affiliated with some of the most well known nightspots

in New York, including Butter Restaurant, G SPA & Lounge, and Lotus.

3.     1 Oak is known as a mecca of New York City nightlife and is frequently touted on Page Six in the New York Post for celebrity sightings, such as Kanye West and Leonardo DiCaprio. The club even hosted the after-party for the New York Yankees recent World Series victory, with Derek Jeter and Alex Rodriguez among those in attendance.

4.     1 Oak charges its customers a mandatory 20 percent (20%) service charge for all bottle service and private parties/special events.  Defendants have led their customers to reasonably believe that the service charges are gratuities to be paid to the service workers.  In reality, however, a percentage of the service charges are taken by 1 Oak and distributed to non-service employees, such as Doormen.  This practice was held by the New York Court of Appeals in *Samiento v. World Yacht, Inc.*, 10 N.Y.3d 70 (2008) to be unlawful.

5.     1 Oak frequently hosts large private parties/special events such as Heidi Klum's Halloween party.  When Defendants contract with their customers for these events, they charge customers a percentage of the bill as a mandatory service charge, in addition to the cost of food and drink.  Defendants have led their customers to reasonably believe that the service charges are gratuities to be paid to the service workers.  In reality, however, the service workers do not receive a majority of this gratuity.  Instead, service workers are paid a higher hourly rate for these events plus a flat rate gratuity, which is substantially less than if the service workers had properly received the entire gratuity.

6.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former 1 Oak hourly service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by

Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

7.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former 1 Oak hourly service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Tarale Wulff

8.      Plaintiff Tarale Wulff ("Wulff") is an adult individual who is a resident of Brooklyn, New York.

9.      Wulff was employed by Defendants as a waitress, an hourly service worker, at 1 Oak from approximately July 2008 to February 26, 2010.

10.     Wulff is a covered employee within the meaning of the FLSA and the NYLL.

11.     A written consent form for Wulff was filed with the Amended Class Action Complaint.

#### Netzai Vargas

12.     Plaintiff Netzai Vargas ("Vargas") is an adult individual who is a resident of Glendale, New York.

13.     Vargas was employed by Defendants as a busser, an hourly service worker, at 1 Oak from approximately April 2008 to February 2009.

14.     Vargas is a covered employee within the meaning of the FLSA and the NYLL.

- 3 -

15.     A written consent form for Vargas was filed with the Amended Class Action Complaint.

**Jimmy DeJesus**

16.     Plaintiff Jimmy DeJesus ("DeJesus") is an adult individual who is a resident of Brooklyn, New York.

17.     DeJesus was employed by Defendants as a busser, an hourly service worker, at 1 Oak from approximately April 2008 to February 2009.

18.     DeJesus is a covered employee within the meaning of the FLSA and the NYLL.

19.     A written consent form for DeJesus was filed with the Amended Class Action Complaint.

<u>**Defendants**</u>

20.     Defendants 17th Street Entertainment II LLC, 453 West 17th Rest. Corp., Scott Sartiano, and Richie Akiva, jointly employed Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

21.     During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

22.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

23.     Upon information and belief, Defendants' operations are interrelated and unified.

24.     Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at 1 Oak.

25.     Upon information and belief, Defendants have had the power to determine employee

policies at 1 Oak, including, but not limited to, time-keeping and payroll policies, and policies governing the allocation of service charges and/or gratuities.

**17th Street Entertainment II LLC**

26.    Together with Defendants 453 West 17th Rest. Corp., Scott Sartiano and Richie Akiva, Defendant 17th Street Entertainment II LLC ("17th Street") has owned and/or operated 1 Oak during the relevant period.

27.    17th Street is a domestic business corporation organized and existing under the laws of New York.

28.    17th Street's principal executive office is located at 453 West 17th Street, New York, New York 10011.

29.    17th Street is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

30.    Upon information and belief, at all times relevant, 17th Street's annual gross volume of sales made or business done was not less than $500,000.00.

**453 West 17th Rest. Corp.**

31.    453 West 17th Rest. Corp. is a domestic business corporation organized and existing under the laws of New York.

32.    453 West 17th Rest. Corp.'s principal executive office is located at 453 West 17th Street, New York, New York 10011.

33.    453 West 17th Rest. Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

34.    Upon information and belief, at all times relevant, 453 West 17th Rest. Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Individual Defendants**

**Scott Sartiano**

35.     Upon information and belief, Defendant Scott Sartiano ("Sartiano") is a resident of the State of New York.

36.     At all relevant times, Sartiano has been the owner of 1 Oak.

37.     Upon information and belief, at all relevant times, Sartiano has had power over personnel decisions at 1 Oak, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

38.     Upon information and belief, at all relevant time, Sartiano has had power over payroll decisions at 1 Oak, including the power to retain time and/or wage records

39.     Upon information and belief, Sartiano is actively involved in managing the day to day operations of 1 Oak.

40.     Upon information and belief, at all times relevant, Sartiano has also had the power to stop any illegal pay practices that harmed Plaintiffs, including policies governing the allocation of service charges and/or gratuities.

41.     Sartiano is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Richie Akiva**

42.     Upon information and belief, Defendant Richie Akiva ("Akiva") is a resident of the State of New York.

43.     At all relevant times, Akiva has been the owner of 1 Oak.

44.     Upon information and belief, at all relevant times, Akiva has had power over personnel decisions at 1 Oak, including the power to hire and fire employees, set their wages, and

otherwise control the terms and conditions of their employment.

45.     Upon information and belief, at all relevant time, Akiva has had power over payroll decisions at 1 Oak, including the power to retain time and/or wage records

46.     Upon information and belief, Akiva is actively involved in managing the day to day operations of 1 Oak.

47.     Upon information and belief, at all times relevant, Akiva has also had the power to stop any illegal pay practices that harmed Plaintiffs, including policies governing the allocation of service charges and/or gratuities.

48.     Akiva is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

49.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

50.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

51.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

52.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as hourly service employees at 1 Oak who elect to opt-in to this action (the "FLSA Collective").

54.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.   Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.   Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.   Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

55.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as hourly service workers at 1 Oak in New York between March 22, 2004 and the date of final judgment in this matter (the "Rule 23 Class").

56.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

57.     The members of the Rule 23 Class are so numerous that joinder of all members is

impracticable.

58.    Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

59.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

60.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    Whether Defendants violated NYLL Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

(b)    whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c)    whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

(d)    whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread of hours pay as required by the NYLL;

(e)    whether Defendants misappropriated service charges and/or gratuities from Plaintiffs and the Rule 23 Class;

(f)    whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(g)    whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(h)    whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(i)    whether Defendants demanded, handled, pooled, counted, distributed, accepted

and/or retained service charges and/or gratuities paid by customers that were intended for Plaintiffs and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(j)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class for uniform-related expenses;

(k)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(l)     the nature and extent of class-wide injury and the measure of damages for those injuries.

61.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all the Rule 23 Class members work, or have worked, for Defendants as hourly food service employees at 1 Oak in New York.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to keep the tips they earn.  Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

62.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the Rule 23 Class members.

63.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and

burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

64.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

65.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Tarale Wulff**

66.     Defendants did not pay Wulff the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

67.     Defendants did not inform Wulff of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. §§ 137 *et seq.*

68.     Defendants did not allow Wulff to retain all the service charges and/or tips she earned during private parties hosted at 1 Oak.

69.     During private parties hosted at 1 Oak, Wulff was paid a flat hourly rate.

70.     Upon information and belief, during private parties at 1 Oak, customers were charged a service fee or gratuity fee.

71.     Defendants unlawfully redistributed part of Wulff's service charges and/or tips to employees in positions that are not entitled to tips under the FLSA and/or NYLL, such as Doormen.

72.     Defendants failed to pay Wulff spread of hours pay at the minimum wage rate when she worked more than ten (10) hours per day.

73.     Defendants forced Wulff to purchase uniforms at her own expense and did not reimburse her for cleaning, care, and maintenance of uniforms.

74.     In response to Wulff's Amended Class Action Complaint, Defendants filed their Answer and Counterclaims on April 29, 2010 (the "Counterclaims").

75.     In their Counterclaims, Defendants alleged that Wulff's conduct resulted in the conversion of eighteen thousand dollars ($18,000.00).

76.     Defendants' Counterclaims are factually and legally frivolous.

77.     Defendants asserted the Counterclaims solely to harass and intimidate Wulff (and those who would join the FLSA collective), to punish Wulff for asserting her rights under the FLSA and the NYLL by means of this lawsuit, and/or to otherwise interfere with her attempts to vindicate her rights under the FLSA and the NYLL.

**Netzai Vargas**

78.     Defendants did not pay Vargas the proper minimum wage and overtime wage for all of the time that he was suffered or permitted to work each workweek.

79.     Defendants did not inform Vargas of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. §§ 137 *et seq.*

80.     Defendants did not allow Vargas to retain all the service charges and/or tips he earned during private parties hosted by 1 Oak.

81.     During private parties hosted at 1 Oak, Vargas was paid a flat hourly rate.

82.     Upon information and belief, during private parties at 1 Oak, customers were still charged a service fee or gratuity fee.

83.    Defendants unlawfully redistributed part of Vargas' service charges and/or tips to employees in positions that are not entitled to tips under the FLSA and/or NYLL, such as Doormen.

84.    Defendants failed to pay Vargas spread of hours pay at the minimum wage rate when he worked more than ten (10) hours per day.

**Jimmy DeJesus**

85.    Defendants did not pay DeJesus the proper minimum wage and overtime wage for all of the time that he was suffered or permitted to work each workweek.

86.    Defendants did not inform DeJesus of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. §§ 137 et seq.

87.    Defendants did not allow DeJesus to retain all the service charges and/or tips he earned during private parties hosted by 1 Oak.

88.    During private parties hosted at 1 Oak, DeJesus was paid a flat hourly rate.

89.    Upon information and belief, during private parties at 1 Oak, customers were still charged a service fee or gratuity fee.

90.    Defendants unlawfully redistributed part of DeJesus' service charges and/or tips to employees in positions that are not entitled to tips under the FLSA and/or NYLL, such as Doormen.

91.    Defendants failed to pay DeJesus spread of hours pay at the minimum wage rate when he worked more than ten (10) hours per day.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

92.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

93.    Defendants failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

94.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Amended Class Action Complaint.

95.    At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

96.    At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

97.    At all times relevant, Defendants have been employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

98.    Defendants were required to pay directly to Plaintiffs and the members of the FLSA Collective the applicable federal minimum wage rate for all hours worked.

99.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants failed to inform Plaintiffs and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

100.    Upon information and belief, Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and

Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

101.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

102.    Defendants' unlawful conduct, as described in this Amended Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Amended Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

103.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs Vargas and DeJesus and the FLSA Collective)

104.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

105.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

106.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours in a work week.

107.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

108.    Defendants' unlawful conduct, as described in this Amended Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Amended Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

109.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION

**New York Labor Law Article 19 – Minimum Wage**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

110.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

112.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Amended Class Action Complaint.

113.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

114.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

115.    Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 24, 2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (d) $7.15 per hour for all hours worked from January 1, 2007 through July 24, 2009; and (3) $7.25 per hour for all hours worked from July 25, 2009 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

116.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

117.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 et seq. and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

118.    Defendants failed to furnish Plaintiffs and the members of the Rule 23 Class with a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

119.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs Vargas and DeJesus and the members of the Rule 23 Class)**

120.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

121.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

122.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

123.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

124.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

125.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

126.    Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

127.    By Defendants' failure to pay Plaintiffs and the members of the Rule 23 Class spread-of-hours and split-shift pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations.

128.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their wages, liquidated damages, as provided for by NYLL Article 6 § 198,  reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION

### New York Labor Law Article 6 – Unlawful Retention of Service Charges/Tip
### Misappropriation
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

129.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

130.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, et seq., and any supporting New York State Department of Labor regulations.

131.    At all times relevant, Defendants have been employers within the meaning of NYLL §§ 190, et seq., and any supporting New York State Department of Labor regulations.

132.    At all times relevant, Defendants have been employers, agents, and/or officers within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

133.    The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

134.    Defendants unlawfully retained service charges earned by Plaintiffs and the members of the Rule 23 Class in violation of the NYLL.

135.    By Defendants' knowing or intentional demand for, acceptance of and/or retention of the service charges paid by customers when hosting private parties with Defendants, when such customers had a reasonable expectation that such service charges would be paid to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated NYLL Article 6, § 196-d.

136.    By Defendants knowingly or intentionally collecting, receiving, retaining, pooling, handling and distributing a portion of tips to workers not entitled to receive tips under the NYLL, Defendants have willfully violated NYLL Article 6, § 196-d.

137.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff Wulff and the Rule 23 Class)

138.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

139.    Defendants failed to reimburse Plaintiff and the members of the Rule 23 Class for the cost of the uniforms they purchased in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-1.8.

140.    Defendants failed to launder or maintain the required uniforms for Plaintiff and the members of the Rule 23 Class and failed to pay them the required weekly amount for laundering and maintenance.

141.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the costs of purchasing and maintaining their uniforms, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION

### Fair Labor Standards Act – Retaliation
### (Brought on behalf of Plaintiff Wulff individually)

142.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

143.    Plaintiffs filed the instant lawsuit to enforce their rights to receive minimum wage and overtime under the FLSA and the NYLL.

144.    Plaintiffs' lawsuit against Defendants is a protected activity under 29 U.S.C. § 215(3).

145.    In response to Plaintiffs' lawsuit, Defendants filed Counterclaims against Plaintiff.

146.    The Counterclaim is frivolous.

147.    Defendants knew that the Counterclaim was frivolous when they filed them.

148.    Defendants brought the Counterclaims because Plaintiffs filed this action to enforce her rights under the FLSA.

149.    Defendants brought the Counterclaims against Plaintiff Wulff in order to harass and intimidate Plaintiff, and/or to otherwise interfere with her attempt to vindicate her rights under the FLSA.

150.    The filing of the Counterclaim constitutes retaliation and discrimination in violation of 29 U.S.C. § 215(3).

151.    Plaintiff Wulff has suffered damage including, but not limited to, intimidation, harm to her reputation, legal costs, and delay as a result of Defendants' retaliation.

152.    Due to Defendants' violation of the FLSA, Plaintiff Wulff is entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## NINTH CAUSE OF ACTION

### New York Labor Law – Retaliation
### (Brought on behalf of Plaintiff Wulff individually)

153.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

154.    Plaintiffs' lawsuit against Defendants is a protected activity under NYLL § 215.

155.    By filing the Counterclaim against Plaintiff Wulff, Defendants have retaliated against Plaintiff, discriminated against Plaintiff, and penalized Plaintiff in violation of NYLL § 215.

156.    Defendants brought the Counterclaims because Plaintiffs filed this action to enforce her rights under the NYLL.

157.    Defendants brought the Counterclaims against Plaintiffs in order to harass and intimidate Plaintiff, and/or to otherwise interfere with her attempt to vindicate her rights under the NYLL.

158.    Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

159.    Plaintiff has suffered damages including, but not limited to, intimidation, harm to her reputation, legal costs, and delay as a result of Defendants' retaliation.

160.    Due to Defendants' violations of the NYLL, Plaintiff Wulff is entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service employees at 1 Oak. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid minimum wages, overtime pay, spread of hours pay, misappropriated tips, unlawful deductions, liquidated damages, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiffs as representatives of the Rule 23 Classes, and counsel of record as Class Counsel;

F.      Pre-judgment interest and post-judgment interest;

G.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.      Reasonable attorneys' fees and costs of the action;

I.      Back pay, front pay, compensatory damages, punitive damages, and attorneys' fees for Plaintiff Wulff pursuant to 29 U.S.C. § 215(3) and NYLL Article 7, § 215.

J.      Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:         New York, New York
               November 12, 2010

                                        Respectfully submitted,

                                        _____

                                        Brian Schaffer (BS 7548)

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Joseph A. Fitapelli (JF9058)
                                        Brian S. Schaffer (BS 7548)
                                        475 Park Avenue South, 12th Floor
                                        New York, NY 10016
                                        Telephone: (212) 300-0375
                                        *Attorneys for Plaintiffs and*
                                        *the Putative Class*

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone:  (212)300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TARALE WULFF, NETZAI VARGAS, and JIMMY DEJESUS, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**17th STREET ENTERTAINMENT II LLC d/b/a 1 OAK, 453 WEST 17TH REST. CORP., SCOTT SARTIANO, and RICHIE AKIVA,**<br><br>**Defendants.** | 10 Civ 2559 (CM)<br><br>**CERTIFICATE OF SERVICE** |

The undersigned counsel hereby certifies that on November 12, 2010, he caused a true and correct copy of Plaintiff's Third Amended Class Action Complaint to be served upon 17th Street Entertainment II LLC d/b/a 1 Oak, 453 West 17th Rest. Corp., Scott Sartiano, and Richie Akiva by e-mail to Defense counsel, Meltzer, Lippe, Goldstein & Breitstone, LLP, 190 Willis Avenue, Mineola, New York 11501.

*Brian Schaf*

Brian Schaffer

FITAPELLI & SCHAFFER, LLP
475 Park Avenue South, 12th Floor
New York, New York 10016
(212) 300-0375
*Attorneys for Plaintiffs*