UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

TARALE WULFF, NETZAI VARGAS
and JIMMY DEJESUS, on behalf of
themselves and all others similarly
Situated,

                    Plaintiffs,

    -against-

17TH STREET ENTERTAINMENT II LLC
d/b/a 1 OAK, 453 WEST 17th Rest. Corp.,
SCOTT SARTIANO and
RICHIE AKIVA,

                Defendants.
-----------------------------------------------------X

Docket No. 10 Civ. 2559 (CM)

**ANSWER TO THIRD
AMENDED COMPLAINT
AND COUNTERCLAIM**

Defendants 17th Street Entertainment II LLC d/b/a 1 OAK, 453 West 17th Rest. Corp., Scott Sartiano and Richie Akiva (collectively "Defendants"), by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Amended Answer to the Third Amended Complaint (referenced herein as the "Subject Amended Complaint") herein, set forth the following:

1.      Defendants neither admit nor deny the allegations of Paragraph 1 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

2 and 3.      Defendants neither admit nor deny the allegations of Paragraphs 2 and 3 of the Subject Amended Complaint and instead respectfully refer the Court to the document(s)/website(s) in question, the terms of which speak for themselves.

4.      Deny the allegations of Paragraph 4 of the Subject Amended Complaint.

5.      Deny the allegations of Paragraph 5 of the Subject Amended Complaint except to admit that private parties are at times held at the establishment in question and specifically deny

both that anyone knows what the customers "booking" the private parties intend by the service charge paid or that all customers have identical beliefs.

6.     Defendants neither admit nor deny the allegations of Paragraph 6 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

7.     Defendants neither admit nor deny the allegations of Paragraph 7 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

8.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Subject Amended Complaint.

9.     Deny the allegations of Paragraph 9 of the Subject Amended Complaint.

10.     Defendants neither admit nor deny the allegations of Paragraph 10 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

11.     Defendants neither admit nor deny the allegations of Paragraph 11 of the Subject Amended Complaint and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

12.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Subject Amended Complaint.

13.     Deny the allegations of Paragraph 13 of the Subject Amended Complaint.

14.     Defendants neither admit nor deny the allegations of Paragraph 14 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

15.     Defendants neither admit nor deny the allegations of Paragraph 15 of the Subject Amended Complaint and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

16.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Subject Amended Complaint.

17.     Deny the allegations of Paragraph 17 of the Subject Amended Complaint.

18.     Defendants neither admit nor deny the allegations of Paragraph 18 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

19.     Defendants neither admit nor deny the allegations of Paragraph 19 of the Subject Amended Complaint and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

20.     Defendants neither admit nor deny the allegations of Paragraph 20 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

21.     Defendants neither admit nor deny the allegations of Paragraph 21 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

22.     Defendants neither admit nor deny the allegations of Paragraph 22 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

23.     Deny the allegations of Paragraph 23 of the Subject Amended Complaint to the extent they are unintelligible.

24.     Deny the allegations of Paragraph 24 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining compensation policies.

25.     Deny the allegations of Paragraph 25 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

26.     Defendants neither admit nor deny the allegations of Paragraph 26 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

27.     Deny the allegations of Paragraph 27 of the Subject Amended Complaint.

28.     Admit the allegations of Paragraph 28 of the Subject Amended Complaint.

29.     Defendants neither admit nor deny the allegations of Paragraph 29 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

30.     Admit the allegations of Paragraph 30 of the Subject Amended Complaint.

31 and 32.     Admit the allegations of Paragraphs 31 and 32 of the Subject Amended Complaint.

33 and 34.     Deny the allegations of Paragraphs 33 and 34 of the Subject Amended Complaint.

35.     Admit the allegations of Paragraph 35 of the Subject Amended Complaint.

36.     Deny the allegations of Paragraph 36 of the Subject Amended Complaint.

37.     Deny the allegations of Paragraph 37 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

38.     Deny the allegations of Paragraph 38 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

39.     Deny the allegations of Paragraph 39 of the Subject Amended Complaint.

40.     Deny the allegations of Paragraph 40 of the Subject Amended Complaint.

41.     Defendants neither admit nor deny the allegations of Paragraph 41 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

42.	Admit the allegations of Paragraph 42 of the Subject Amended Complaint.

43.	Deny the allegations of Paragraph 43 of the Subject Amended Complaint.

44.	Deny the allegations of Paragraph 44 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

45.	Deny the allegations of Paragraph 45 of the Subject Amended Complaint, except to admit that, as part owners, the individual defendants could be involved in determining employee policies.

46.	Deny the allegations of Paragraph 46 of the Subject Amended Complaint.

47.	Deny the allegations of Paragraph 47 of the Subject Amended Complaint.

48.	Defendants neither admit nor deny the allegations of Paragraph 48 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

49-52.	Defendants neither admit nor deny the allegations of Paragraphs 49-52 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

53.	Defendants neither admit nor deny the allegations of Paragraph 53 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

54.	Deny the allegations of Paragraph 54 of the Subject Amended Complaint.

55 and 56.	Defendants neither admit nor deny the allegations of Paragraphs 55 and 56 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

57-59.	Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 57-59 of the Subject Amended Complaint.

60.     Deny the allegations of Paragraph 60 of the Subject Amended Complaint.

61 and 62.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 61 and 62 of the Subject Amended Complaint.

63.      Deny the allegations of Paragraph 63 of the Subject Amended Complaint.

64.     Defendants neither admit nor deny the allegations of Paragraph 64 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

65-68. Deny the allegations of Paragraphs 65-68 of the Subject Amended Complaint.

69 and 70.     Admit the allegations of Paragraphs 69 and 70 of the Subject Amended Complaint, to the extent that, at times, Plaintiff Wulff received an hourly rate for the services she rendered at private parties, but this was adjusted as needed to overcompensate Wulff.

71-73. Deny the allegations of Paragraphs 71-73 of the Subject Amended Complaint.

74 and 75.     Admit the allegations of Paragraphs 74 and 75 of the Subject Amended Complaint

76-80. Deny the allegations of Paragraphs 76-80 of the Subject Amended Complaint.

81.     Admit the allegations of Paragraph 81 of the Subject Amended Complaint.

82.     Admit the allegations of Paragraph 82 of the Subject Amended Complaint.

83.     Deny the allegations of Paragraph 83 of the Subject Amended Complaint.

84.     Deny the allegations of Paragraph 84 of the Subject Amended Complaint.

85-87. Deny the allegations of Paragraphs 85-87 of the Subject Amended Complaint.

88 and 89. Admit the allegations of Paragraphs 88 and 89 of the Subject Amended Complaint

90 and 91. Deny the allegations of Paragraphs 90 and 91 of the Subject Amended Complaint

92.    With respect to the allegations of Paragraph 92 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

93 and 94.    Deny the allegations of Paragraphs 93 and 94 of the Subject Amended Complaint.

95-98. Defendants neither admit nor deny the allegations of Paragraphs 95-98 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

99.    Deny the allegations of Paragraph 99 of the Subject Amended Complaint.

100.    Defendants neither admit nor deny the allegations of Paragraph 100 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

101-103.    Deny the allegations of Paragraphs 101-103 of the Subject Amended Complaint.

104.    With respect to the allegations of Paragraph 104 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

105.    Defendants neither admit nor deny the allegations of Paragraph 105 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

106-109. Deny the allegations of Paragraphs 106-109 of the Subject Amended Complaint.

110.    Defendants neither admit nor deny the allegations of Paragraph 110 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

111.    Deny the allegations of Paragraph 111 of the Subject Amended Complaint.

112.    Deny the allegations of Paragraph 112 of the Subject Amended Complaint.

113-115.     Defendants neither admit nor deny the allegations of Paragraphs 113-115 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

116-119.     Deny the allegations of Paragraphs 116-119 of the Subject Amended Complaint.

120.     With respect to the allegations of Paragraph 120 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

121.     Defendants neither admit nor deny the allegations of Paragraph 121 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

122-124.     Defendants deny the allegations of Paragraphs 122-124 of the Subject Amended Complaint.

125.     With respect to the allegations of Paragraph 125 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

126-128. Deny the allegations of Paragraphs 126-128 of the Subject Amended Complaint.

129.     With respect to the allegations of Paragraph 129 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

130.     Deny the allegations of Paragraph 130 of the Subject Amended Complaint.

131-133.    Defendants neither admit nor deny the allegations of Paragraphs 131-133 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

134-136.    Deny the allegations of Paragraphs 134-136 of the Subject Amended Complaint.

137.    Defendants neither admit nor deny the allegations of Paragraph 137 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

138.    With respect to the allegations of Paragraph 138 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

139-140.    Deny the allegations of Paragraphs 139-140 of the Subject Amended Complaint.

141.    Defendants neither admit nor deny the allegations of Paragraph 141 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

142.    With respect to the allegations of Paragraph 142 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

143.    Defendants neither admit nor deny the allegations of Paragraph 143 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

144.    Defendants neither admit nor deny the allegations of Paragraph 144 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

145.    Admit the allegations of Paragraph 145 of the Subject Amended Complaint.

146-151.   Deny the allegations of Paragraphs 146-151 of the Subject Amended Complaint.

152.   Defendants neither admit nor deny the allegations of Paragraph 152 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

153.   With respect to the allegations of Paragraph 153 of the Subject Amended Complaint, Defendants repeat and reallege all admissions and denials set forth in response to the Paragraphs referenced therein as though set forth at length herein.

154.   Defendants neither admit nor deny the allegations of Paragraph 154 of the Subject Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

155-157.   Deny the allegations of Paragraphs 155-157 of the Subject Amended Complaint.

158.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of the Subject Amended Complaint.

159.   Deny the allegations of Paragraph 159 of the Subject Amended Complaint

160.   Defendants neither admit nor deny the allegations of Paragraph 160 of the Subject Amended Complaint, as they are not allegations of fact, but rather a prayer for relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.   Payment.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.   Plaintiffs rarely if ever worked over 40 hours in any one week.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs and the putative class members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA").

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4       As Plaintiffs are not adequate representatives of the putative class, a collective action is inappropriate and no notice of same should be authorized.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      The Subject Amended Complaint is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258 (a) and 259 (a), as the Defendants have acted in good faith and in reliance upon applicable regulations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      The Subject Amended Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      The Subject Amended Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      Class certification is inappropriate as common questions of law and/or fact do not predominate among the putative class members and the Plaintiffs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.     Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Amended Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.     Similarly, a collective or Rule 23 class action is inappropriate vis-à-vis the New York State Law claims, as Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Amended Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.     A class action may not be maintained under the New York State Labor Law, as the statute calls for liquidated damages.   Consequently, the Plaintiffs' putative class would potentially seek a penalty, precluding the pursuit of a class action under New York State Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs cannot, in whole or in part, maintain claims against the individual Defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.     Doormen and hostesses at the establishment in question provide direct services to patrons, including the seating, ordering and delivery of beverages to the tables, of patrons of the establishment.

15.     Doormen and/or hostesses also determine the seating arrangements of patrons at the establishment in question, which is of far greater significance at a nightclub rather than a restaurant.

16.     Doormen and hostesses are therefore within the groups of employees other employees expect to participate in a tip pool and whom, upon information and belief, patrons expect to be among the recipients of their gratuities, as recognized in the most recent New York State Regulations of the Department of Labor.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

17.     The "Spread of Hours" under New York State Law is inapplicable to employees (such as all Plaintiffs) whose hourly wage is sufficient such that if one hour is added to the number of hours actually worked and that sum is divided by the total earnings for the day, the hourly rate will still exceed minimum wage.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs did not wear uniforms.  The garments they wore at work bore no logo or insignia and could be worn other than at the establishment.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

19.     Under the Fair Labor Standards Act, no uniform allowance is required where, as here, the employee's wages for a week exceed the total of the number of hours the employee worked for the week times the minimum wage, plus the cost of the uniforms.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

20.     Defendants have no obligation to launder the clothing worn by the Plaintiffs while working.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

21.     As Plaintiffs received far above the minimum wage any issues of the propriety of tip pooling are irrelevant, Cumbie v. Woody Woo, Inc. 596 f. 3rd 577 (9th Cir. 2010).

## AS AND FOR A TWENTIENTH AFFIRMATIVE DEFENSE
## AND FIRST COUNTERCLAIM

22.     Plaintiff, Tarale Wulff ("Wulff") is, upon information and belief a resident of New York State.

23.     Wulff was employed by 17th Street Entertainment II LLC d/b/a 1 OAK ("1 OAK") as a cocktail waitress.

24.     Wulff rarely if ever worked over 20 hours in any one week and routinely earned between and one thousand dollars and two thousand dollars ($1,000.00 to $2,000.00) per week.

25.     Wulff had knowledge of 1 OAK's credit card policies.

26.     These policies, among other things, forbade providing food or beverages to customers who provided an invalid credit card to arrange for payment.

27.     On or about February 20, 2010, Wulff served and continued to serve food and/or beverages to a 1 OAK customer who provided Wulff a declined credit card for payment and permitted nearly Eighteen Thousand Dollars ($18,000.00) to be charged on this customer's declined credit card.

28.     Wulff's actions violated 1 OAK policy.

29.     Wulff aided and abetted in the conversion of nearly Eighteen Thousand Dollars ($18,000.00) from 1 OAK.

30.     Wulff's grossly negligent or intentional misconduct resulted in the conversion of nearly Eighteen Thousand Dollars ($18,000.00) from 1 OAK.

31.     Despite taking all reasonable efforts to collect this amount from the customer who provided the declined credit card, 1 OAK has only been able to recover a portion of this debt.

32.     Wulff is indebted to 1 OAK in the sum of Eight Thousand Nine Hundred Fifty One Dollars ($8,951.00) with interest thereon.

**WHEREFORE**, it is respectfully requested that the Subject Amended Complaint be dismissed in its entirety and that Defendants be awarded:

      A)     Judgment against Wulff in an amount determined at trial, with interest thereon;

      B)     The costs and disbursements of this action; and

      C)     Such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
      January 10, 2011

                Meltzer, Lippe, Goldstein & Breitstone, LLP

                By _____
                    Richard M. Howard (RMH-2932)
                    Alexander Leong (AL-0022)

                Attorneys for Defendants
                190 Willis Avenue
                Mineola, New York 11501
                (516) 747-0300

To:    Fitapelli & Schaffer, LLP
       1250 Broadway, Suite 3701
       New York, New York 10001
       (212) 300-0375

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

TARALE WULFF, NETZAI VARGAS
and JIMMY DEJESUS, on behalf of
themselves and all others similarly
Situated,

Docket No. 10 Civ. 2559 (CM)

**AFFIDAVIT OF SERVICE**

                         Plaintiffs,

        -against-

17TH STREET ENTERTAINMENT II LLC
d/b/a 1 OAK, 453 WEST 17th Rest. Corp.,
SCOTT SARTIANO and
RICHIE AKIVA,

                         Defendants.

-----------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

        Carene N. Rundlett, being duly sworn, deposes and says:  I am not a party to this action; I am over 18 years of age; I reside in Nassau County, New York.

        On January 10, 2011, I served true and correct copies of the within *Answer to Third Amended Complaint and Counterclaim and Amended Rule 7.1 Statement*  by regular mail by depositing it in an official depository under the exclusive care and custody of the United States Postal Service for delivery to the last known address of:

        Fitapelli & Schaffer, LLP
        1250 Broadway, Suite 3701
        New York, New York 10001
        (212) 300-0375

                                                    _____
                                                    Carene N. Rundlett

Sworn to before me this
10th day of January, 2011

_____
ANN DILLER  Notary Public
Notary Public, State of New York
No. 01DI4804319
Qualified in Nassau County
Commission Expires 5/31/ 2014